1  SPENCER P. HUGRET (SBN 240424)
   shugret@grsm.com
2  AMY MACLEAR (SBN 215638)
   amaclear@grsm.com
3  HAILEY M. ROGERSON (SBN 311918)
   hrogerson@grsm.com
4  GORDON REES SCULLY MANSUKHANI, LLP
   275 Battery Street, Suite 2000
5  San Francisco, CA 94111
   Telephone: (415) 986-5900
6  Facsimile: (415) 986-8054

7  Attorneys for Defendant
   FORD MOTOR COMPANY

# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANDREW PARKER, an individual, and JASMINE LEESE, an individual, Plaintiffs, vs. FORD MOTOR COMPANY, a Delaware Corporation, and DOES, 1 to 10, inclusive, Defendants. | CASE NO. '20CV1023 BAS MDD<br><br>**DEFENDANT FORD MOTOR COMPANY'S NOTICE OF REMOVAL**<br><br>Sup. Ct. Complaint Filed: October 15, 2019<br><br>Removal Date: June 3, 2020 |

## NOTICE OF REMOVAL

TO THE CLERK OF THE ABOVE-ENTITLED COURT:

**PLEASE TAKE NOTICE** that Defendant Ford Motor Company ("Ford"), by its counsel GORDON REES SCULLY MANSUKHANI LLP, hereby removes to this court, pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, based on diversity of citizenship, the claims pending as Case No. 37-2019-00054523-CU-BC-CTL of the Superior Court of California, County of San Diego. In support of this removal, Ford states as follows:

//
//

-1-
DEFENDANT FORD MOTOR COMPANY'S NOTICE OF REMOVAL

Gordon Rees Scully Mansukhani, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

## I. THE REMOVED CASE

1. The removed case is a civil action commenced in the Superior Court of California, County of San Diego by Plaintiffs ANDREW PARKER and JASMINE LEESE ("Plaintiffs") against Ford, entitled *Andrew Parker, et al. v. Ford Motor Company*, Case No. 37-2019-00054523-CU-BC-CTL (the "State Action"). The named Defendant is Ford.

2. Plaintiffs filed the State Action on October 15, 2019, asserting breach of warranty and violation of Song-Beverly Act claims against Ford. (*See* Complaint ("Compl.").)

## II. PROCEDURAL REQUIREMENTS

3. Generally, a defendant has thirty (30) days from the date of service of a copy of the Complaint to remove a case. 28 U.S.C. § 1446(b). However, if the case stated by the initial pleading is not removable, a defendant has thirty (30) days from the date of service or receipt of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable to remove a case. 28 U.S.C. § 1446(3). Ford was served with a copy of the Complaint on October 22, 2019. However, the Complaint did not contain any means of ascertaining the amount in controversy on its face. (*See* Compl. *generally*.)

4. On March 30, 2020, Ford served its first set of Special Interrogatories, Request for Admissions, and Request for Production of Documents. (Declaration of Parada K. Ornelas ("Ornelas Decl."), ¶ 5, **Exhibit A**.) On May 4, 2020, upon receipt of Plaintiffs' responses to Ford's written discovery and accompanying document production, counsel for Ford was able to ascertain the amount in controversy and first learned this case was removable. (Ornelas Decl., ¶¶ 6-7, **Exhibits A-B**; Declaration of Hailey M. Rogerson ("Rogerson Decl."), ¶ 5.) This removal is therefore timely.

//

-2-
DEFENDANT FORD MOTOR COMPANY'S NOTICE OF REMOVAL

5. Pursuant to 28 U.S.C. § 1446(a), copies of all process, pleadings, and orders for the State Action in Ford's possession are contained in **Exhibits F-L** to the Rogerson Declaration filed herewith.

6. Pursuant to 28 U.S.C. § 1446(a), venue is proper in the Southern District of California because this district embraces the place in which the removed action has been pending.

7. Pursuant to 28 U.S.C. § 1446(d), a true and correct copy of this Notice of Removal will be filed with the Superior Court of California, County of San Diego, promptly after filing of same in this Court.

8. Pursuant to 28 U.S.C. § 1446(d), written notice of filing of this Notice of Removal will be given to all adverse parties promptly after the filing of same in this Court.

9. If any question arises as to the propriety of the removal of this action, Ford requests the opportunity to conduct discovery, brief any disputed issues and to present oral argument in favor of its position that this case is properly removable.

10. Nothing in this Notice of Removal shall be interpreted as a waiver or relinquishment of Ford's right to assert defenses including, without limitation, the defenses of (i) lack of jurisdiction over person, (ii) improper venue and/or *forum non conveniens*, (iii) insufficiency of process, (iv) insufficiency of service of process, (v) improper joinder of claims and/or parties, (vi) failure to state a claim, (vii) failure to join indispensable party(ies), or (viii) any other procedural or substantive defense available under state or federal law.

### III. THE AMOUNT IN CONTROVERSY REQUIREMENT IS MET

11. The amount in controversy in this action exceeds $75,000, exclusive of interest and costs. *See* 28 U.S.C. § 1332.

12. The removing party's initial burden is to "file a notice of removal that includes 'a plausible allegation that the amount in controversy exceeds the

jurisdictional threshold.'" *Ibarra v. Manheim Invs., Inc.*, 775 F.3d 1193, 1195 (9th Cir. 2015) (quoting *Dart Cherokee Basin Operating Co., LLC v. Owens*, 135 S. Ct. 547, 554 (2014)). "By design, § 1446(a) tracks the general pleading requirement stated in Rule 8(a)" which requires only that the grounds for removal be stated in a "short and plain statement." *Dart*, 135 S. Ct. at 553.

13.   Generally, a federal district court will first "consider whether it is 'facially apparent' from the complaint that the jurisdictional amount is in controversy." *Abrego v. Dow Chem. Co.*, 443 F.3d 676, 690 (9th Cir. 2006) (internal citation omitted). But a defendant may remove a suit to federal court notwithstanding the failure of the plaintiff to plead the required amount. Absent the facial showing from the complaint, the court may consider facts averred in the removal petition. *Id.* Next, if the defendant's allegation(s) regarding the amount in controversy is challenged, then "both sides submit proof and the court decides, by a preponderance of the evidence, whether the amount-in-controversy requirement has been satisfied." *Ibarra*, 775 F.3d at 1195. At that time, "it may be appropriate to allow discovery relevant to [the] jurisdictional amount prior to remanding." *Abrego*, 443 F.3d at 691 (internal citation omitted).

14.   Ford disputes that it is liable for any damages whatsoever to Plaintiffs. Nevertheless, Ford can demonstrate that the amount in controversy exceeds $75,000 under the "preponderance of the evidence" standard. *See Guglielmino v. McKee Foods Corp.*, 506 F.3d 696, 699 (9th Cir. 2007). The standard requires only that the removing party present evidence that "it is more likely than not" that the amount in controversy is satisfied. *Id.*

15.   In the case at bar, Plaintiffs seek both monetary and equitable relief. This is a products liability case. Plaintiffs allege breach express warranty under the Song-Beverly Act (Cal. Civ. Code § 1790 *et seq.*), breach of implied warranty under the Song-Beverly Act (Cal. Civ. Code § 1790 *et seq.*), violation of Civil Code section 1793.2(b) of the Song-Beverly Act, and violation of Civil Code

section 1793.22 of the Song-Beverly Act—Tanner Consumer Protection Act. (Compl. ¶¶ 16-70).

16. Plaintiffs allege that on or about October 12, 2016, they purchased a 2016 Ford Focus that "was delivered to Plaintiffs with serious defects and nonconformities to warranty…including, but not limited to severe transmission issues that manifest as vehicle vibrations, shaking, jolting, hesitation, and other nonconformities." (Compl. ¶¶8, 9, 18, & 36).

17. Plaintiffs allege they are entitled to relief under the Song-Beverly Act including: rescission of the contract, attorney's fees, replacement or restitution, costs of suit and expenses, all incidental and consequential damages, "cover" damages, diminution in value, prejudgment interest at the legal rate, as well as a civil penalty of up to two times the amount of actual damages. (Compl. at ¶¶ 27-30, 40-42, 52-56, 66-70; Compl. at Prayer for Relief, p. 8 at "1-8").

18. The amount in controversy includes civil penalties under the Song-Beverly Act. *Brady v. Mercedes-Benz USA, Inc*., 243 F. Supp. 2d 1004, 1009 (N.D. Cal. 2002). The amount in controversy also includes reasonable estimates of attorney's fees. *Id*. at 1011; *Guglielmino v. McKee Foods Corp*., 506 F.3d 696, 700 (9th Cir. 2007); *Galt G/S v. JSS Scandinavia*, 142 F.3d 1150, 1156 (9th Cir. 1998).

19. The Song-Beverly Act allows for the recovery of attorney's fees, which regularly exceed $100,000. (Declaration of Spencer Hugret ("Hugret Decl.") ¶ 5, filed concurrently herewith).

20. However, even before taking attorney's fees into account, if Plaintiffs were to prevail on their Song-Beverly claims, they could be awarded damages of $75,000.00 or more if awarded statutory civil penalties. Plaintiffs' actual damages of $63,345.12 (*i.e.,* the purchase price of their vehicle of $20,266.08, plus claimed incidental and consequential damages of $12,275.01, plus claimed "cover"

-5-
DEFENDANT FORD MOTOR COMPANY'S NOTICE OF REMOVAL

1  damages of $30,804.03) plus $126,690.24 as a 2X civil penalty pursuant to the
2  Song-Beverly Act, totals $190,035.36. (Rogerson Decl., ¶¶ 4-11, **Exhibits A-E**.)
3        21.   Thus, the total amount in controversy therefore exceeds $75,000.00,
4  even before adding Plaintiffs' claim for attorney's fees. The amount in controversy
5  is satisfied. (Hugret Decl., ¶5; Rogerson Decl. ¶¶ 4-11, **Exhibits A-E**; Cal. Civ.
6  Code § 1793.2(d)(2)(B)-(C); § 1794(c)).

## IV.   DIVERSITY OF CITIZENSHIP EXISTS

        22.   Plaintiffs are, and were at the time of filing of the Complaint, citizens and residents of California. (*See* Compl. ¶ 2; *Ervin v. Ballard Marine Constr., Inc.* (N.D.Cal. Aug. 11, 2016, No. 16-cv-02931-WHO) 2016 U.S.Dist.LEXIS 106507, at *8 [internal citations omitted] (Plaintiff's complaint stated only that he was a resident of Oregon, it made no statement as to Plaintiff's citizenship. The Court found that for diversity purposes Plaintiff is a citizen of the state in which they reside in the absence of evidence to the contrary.)).

        23.   Ford is, and was at the time Plaintiff commenced this action, a corporation organized under the laws of the State of Delaware with its principal place of business in Michigan. This Court can take judicial notice of these facts. *See* Excerpt from Ford's 2018 Form 10-K filing, **Exhibit M** to Rogerson Decl.; *see also* Fed. R. Evid. 201(b)(2) (courts may judicially notice facts that "can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned.").

//
//
//
//
//
//
//

## V. **CONCLUSION**

24.     Consequently, the State Action may be removed to this Court by Ford in accordance with the provisions of 28 U.S.C. §§ 1332, 1441 and 1446 because: (i) this action is a civil action pending within the jurisdiction of the United States District Court for the Southern District of California, (ii) the action is between citizens of different states, and (iii) the amount in controversy exceeds $75,000.00, exclusive of interest and costs.

Dated: June 3, 2020

Respectfully submitted,
GORDON REES SCULLY
MANSUKAHNI, LLP

*/s/ Spencer P. Hugret*
Spencer P. Hugret, Esq.
Amy Maclear, Esq.
Hailey M. Rogerson, Esq.
*ATTORNEYS FOR DEFENDANT*
FORD MOTOR COMPANY

-7-
DEFENDANT FORD MOTOR COMPANY'S NOTICE OF REMOVAL